I would like to reserve three minutes for rebuttal, please. In this case, the 2002 conviction of Mr. Leon's in-state court of being in possession of 85 grams of cocaine-based, as well as other drugs and ammunition, was treated by the district court for sentencing purposes as both the part of the instant offense and the part of the in-state offense. As well as a prior sentence. In arriving at a defendant's criminal history, the district court must add three criminal history points for each prior sentence of imprisonment exceeding 13 months. The guidelines define the prior sentence as any sentence previously imposed upon adjudication of guilt for conduct that is not a part of the instant offense. Now, application note 4 to 2E1.1 applies exclusively to racketeering offenses. It does not apply to the offense of conspiracy to distribute controlled substance. And further, the application note itself states that you treat the conviction as a prior sentence and not part of the instant offense. Now, the driving force in this case was that conviction for possession of controlled substance. The 85 grams of cocaine base constituted the 30 points for the base offense level. So it was definitely part of the instant offense. And therefore, it should not have been given the three criminal history points. And therefore, Mr. Leon's criminal history category actually should have been a criminal history category 2 as opposed to a criminal history category 3. Now, it was properly charged as a RICO predicate act, correct? So if the government had offered and Mr. Leon accepted a plea agreement whereby he only pleads guilty to the RICO charge, what criminal history would he be in that instance? Setting aside the non-RICO conspiracy to distribute controlled substances charge. And I guess that would depend. He's got the 19. If it was just a straight racketeering offense, it's the base offense level of 19. But if he was also agreeing to a specific quantity of drugs, then that would increase the base offense level. So wouldn't it be the same offense level? Because it's really the drug charge that would then drive the calculation of offense level in the RICO conviction. So I would think that the offense level would be the same. Then the question is, what would his criminal history category be? And if it weren't for the fact that there's a non-RICO charge conviction out there, I would think that then comment note 4 to 2E1.1 would apply and he would be charged. And I think that would be a criminal history category 3. I see the Court's point and I agree. However, that is not the situation that we have here. And what we have here is that he was convicted of the count of conspiracy to distribute drugs. And 2E1.1 specifically does not apply to that criminal offense. Is there any authority or case law that speaks to this precise factual situation where somebody's convicted of both a RICO and a non-RICO count? No. I have not been able to find any that addresses this situation specifically. Now, I've tried to make some comparisons in the way the criminal history category is applied in continuing criminal enterprises, in the armed career offender. And in those cases, I do not see any support that they apply it for both the instant offense and for the criminal history. And in fact, they do not apply it to the criminal history. Now, the Third Circuit somewhat addressed the issue in the case of United States v. Moroni. I had not actually cited that in my brief. It's found that subsequently it's at 48 Federal 3rd 735, where the Court specifically states that it cannot be both part of the instant offense and the criminal history. That the racketeering offense is kind of a separate beast of its own because you're not looking at that. You shouldn't be looking at that offense as the instant offense. But it's the fact that that's part and parcel of several other offenses. And what it goes to is the recidivism and that you do want to have a higher sentencing guideline for individuals who are more likely to reoffend. So there should be a greater punishment. Let me say, what should Judge Matz have done here? He should have applied a sentencing guideline range based upon a criminal history category of two. He should have sentenced all of the RICO, the RICO count, in accordance with the non-RICO count. Correct. I would say that it's a bit of a merger issue, that the racketeering was consumed or subsumed within prisoners. Because for RICO, there's the exception and then we have the general rule. We have the general rule and then the RICO exception rule. Correct. Usually, don't the general rules apply? And that's what you're arguing, right? Yes, that is correct. Okay. But in this case, if you calculate the guidelines separately under either calculation, he was sentenced to a lower sentence than the bottom of the range of either calculation. Why doesn't that make this harmless error, if there is any error? Well, I would submit that he wasn't, because he was actually the judge found him a mid-range of the sentencing guideline, which had a criminal history category of three, which is what the judge found for a base offense level 31. The guideline range was 135 to 168. He was specifically finding, given the defendant's level of culpability, that a mid-range, mid-guideline range was appropriate. If he is reduced to a criminal history category 2, it would be 121 to 151 months. So that's still, I admit it's not a great amount of time, but a year is meaningful to him. But he was sentenced to 105 months, right? Yes, Your Honor. But he was actually, what he was sentenced to was the hundred and, I apologize, I think it's 140 or 144. But because he was serving time on a State case, which the Bureau of Prisons would not be giving him credit for, and the judge found that the sentences should run concurrent, the judge made a reduction by 39 months to give credit for the State time that he would not be getting credit for in the Federal system. So what if we concluded that there was no error under the RICO sentence, but that there might have been error under the non-RICO sentence? Could you preserve one and remand only the non-RICO? Or is it because of the combined calculation that if part of it falls, it all has to fall? I would submit that it all has to fall because, in essence, the RICO was being  I expect that's what you would submit. But why? You just articulate. I mean, I'm sure that was your position. And it seems to make sense to me because they were sentenced as a combined sentence. So what you say seems logical, but I'd like to hear your articulation. And I guess I'd just restate that I believe it's more of a merger argument, that the racketeering offense merges into the conspiracy to distribute the drugs. And so that's the driving case. I apologize. I don't have anything further that I would really submit on that. It's interesting. We can find all sorts of guidance in the guidelines on what to do when one group of counts has a greater offense level as opposed to another group of counts. But we can't find anything in the guidelines on what to do when one group has a different criminal history than the other group. And you say there's also no case law on that. Maybe someone should write a letter to the Sentencing Commission and get some guidance. That's an excellent suggestion. And one other issue that I would bring up before this court, which was not actually come about subsequent to our briefing, is the United States Supreme Court of Dorsey v. United States, which was determined in June, in that the Fair Sentencing Act's new lower mandatory minimums apply to post-act sentencing of pre-act offenders. Part of the driving force for the drug quantity for Mr. Leone in this case was the 85 grams of crack cocaine, which put him at the above 50 grams, below 150. So he had a mandatory minimum of 10 years. And the guideline range that ultimately ended up at 30, well, the base offense level was 30 for that drug quantity. Don't you have to go back to the district court to get a reduction in sentence under that? We would intend to do that. But I just wanted to raise that issue, bring that issue to the court's attention as well. Probably should have given us a 28-J letter on that. That's such a significant thing. Why don't you write down the site and hand it to the clerk after argument. Yes, Your Honor. Thank you. I've seen my time's almost up. May it please the Court, Nancy Spiegel for plaintiff at the United States of America. Your Honors, the defense argument doesn't make sense because it penalizes the government for obtaining convictions on two counts rather than one. As the court had suggested, had defendant pled only to the RICO count, his sentence would have been exactly the same. Well, but you've got a situation where the government asked him to plead to a non-RICO count and a RICO count. And under the RICO count, his criminal history category would have been a 3. Under the non-RICO count, it would have been a 2. So why shouldn't he get the benefit of having criminal history 2 by virtue of that plea agreement? Because, Your Honor, the application note 4 to 2E1.1 clearly states that the criminal history category should be increased. And the rationale being that a RICO offense involves a repeat offender. In other words, that he should not be treated as a first-time offender.  the non-RICO count is a prior offender. That is, prior conviction needs to be included in the criminal history. Well, but that doesn't completely answer, I don't think, the question, which is why was it used for the non-RICO count. Well, it doesn't apply specifically to the non-RICO count. But the RICO count criminal history category should control. Well, what about her argument that you should use, I mean, usually the general rule trumps the specific rule. And the general rule is if it's part of the count of conviction, then you don't count it as a prior sentence. That's right. And the RICO rule is an exception. I mean, I agree with the policy behind why you would count it in a RICO count. I'm not quarreling with you on the policy. I'm just saying we have to look at these guidelines and figure out what trumps. Or maybe we look at the guidelines and we say, well, it doesn't speak to it, and so we do rule of lenity. Or maybe we look at the guidelines and say, well, calculate both separately and then have them run concurrent, and then you'd still be in the same place. Right. Right. I'm saying, which should we be doing? I'm asking you. These are our options. What is the government proposing here? Well, I think here, because we have a plea agreement and the parties agreed that the offense level should be 30, it's clear that the RICO count should control. Well, the offense level is distinct from the criminal history level. That's right. But the defense is arguing that I think she's arguing that there was double counting, that it was included in both the offense level and the criminal history. And that's not the case here because of the plea agreement. No, I think she's saying that under the non-RICO charge, that his criminal history was erroneously calculated as a 3 instead of a 2. But I don't understand. What if we agree with that? Because this was a unified sentence, would we remand? Just hypothetically assume that we felt that the RICO sentence was okay. Criminal history was wrong on the non-RICO count. Would the order be to remand and let the district court sort it all out again? Or would it be because it was a single sentence given and not relying on harmless error? Would we just say that we affirm? Well, I think. What would you do on that theory? Again, because the sentence was just one sentence, it wasn't really based on either count or both counts. It was based on the party's agreement as to what the offense level should be. There was no agreement as to criminal history. If there were to be a remand, the whole sentence would have to be remanded. Right. Okay. But in this case, as the Court suggested, if there's error at all, it is clearly harmless. This was a 10-year mandatory minimum sentence. The Court initially was going to sentence the defendant to 150 months, then changed its mind and went to 144 minus the 39 months that the defendant had served in state custody. And the resulting sentence was 105 months below the 10-year mandatory minimum. But the mandatory minimum, you can't subtract out the time previously in custody from that. But that's what the Court did. So that's not the sentence, you know. No. I mean, I think you have to sentence the mandatory minimum. You can then say he gets credit for the time he served with the sentence. Right. Right. The sentence has to be the mandatory minimum. I mean, you can't give the initial sentence below that. You give the sentence for the minimum, and then you say, now the prison can give you credit off of that. Yes. But the sentence has got to be the mandatory minimum. It was the 144 months. That's true. I guess somebody did either. But you didn't repeal that. No, we didn't. If the Court has no further questions, the government will submit. All right. You have, like, yeah, 25 seconds. I guess just what I would point out is that application note says you're counting it as a prior conviction because you're not, part of it is that you're not counting it as an instant offense. But here that drug conviction is driving everything because otherwise he's admitted to continued activity, but we don't have a quantity of drugs that determines what the base offense level is. So as I understand it, in the plea agreement, the parties agreed to a base offense level of 30, and the probation office also agreed the base offense level was 30, and he based that on the drug quantity in the non-RICO count. Right. So the offense level was calculated based on the non-RICO count, and the criminal history was calculated based on the RICO count. Correct. And that seems a bit inconsistent. Yes. Is there a RICO guideline that would dictate, you know, a pure RICO case guideline that would dictate which, I don't know what, I guess you take, you would always go with the highest substantive count to which you had the highest defense level for the substantive count to which you pleaded, which is why they wanted them to plead both. Correct. Okay. In this case, if you take out that drug distribution, the continuing activities are the robbery, the, you know, other drug distributions, but there's never any quantity that was determined as a quantity for any other distributions. So it was strictly based upon that one possession with intent to distribute from 2002. It's an interesting question. Thank you. U.S. versus Lyon will be submitted.
judges: Ebel, Wardlaw, Nguyen